Andrea Darrow Smith, Esq. (SBN: 265237)
andrea@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
4129 Main Street, Suite B8
Riverside, CA 92501
(951) 784-7770
(619) 297-1022

Attorneys for Frank V. Castruita

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| Frank V. Castruita | Case No: '12CV1222 W    DHB |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Law Office of Larry Roach; CACH, LLC | |
| Defendant. | |

## INTRODUCTION

1.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

**HYDE & SWIGART**
Riverside, California

1  collection practices are not competitively disadvantaged, and to promote
2  consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system
4  and grantors of credit to consumers are dependent upon the collection of just
5  and owing debts and that unfair or deceptive collection practices undermine
6  the public confidence that is essential to the continued functioning of the
7  banking and credit system and sound extensions of credit to consumers. The
8  Legislature has further determined that there is a need to ensure that debt
9  collectors exercise this responsibility with fairness, honesty and due regard
10  for the debtor's rights and that debt collectors must be prohibited from
11  engaging in unfair or deceptive acts or practices.

12  3.  Frank V. Castruita, ("Plaintiff"), through Plaintiff's attorneys, brings this
13  action to challenge the actions of Law Office of Larry Roach ("Roach") and
14  CACH, LLC ("CACH") (collectively "Defendants"), with regard to attempts
15  by Defendants to unlawfully and abusively collect a debt allegedly owed by
16  Plaintiff, and this conduct caused Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception
18  of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
19  Plaintiff alleges on personal knowledge.

20  5.  While many violations are described below with specificity, this Complaint
21  alleges violations of the statutes cited in their entirety.

22  6.  Unless otherwise stated, all the conduct engaged in by Defendants took place
23  in California.

24  7.  Any and all violations alleged against Roach are imputed to CACH under the
25  theory of vicarious liability, because the actions undertaken by Roach were an
26  attempt to collect the alleged debt by an attorney's office on behalf of CACH.

27
28

HYDE & SWIGART
Riverside, California

8. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

11. Because Defendants do business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

13. Defendants commonly conduct business in San Diego County and are subject to personal jurisdiction in San Diego County, therefore Defendants reside in this judicial district pursuant to 28 U.S.C. § 1391(c).

14. At all times relevant, Defendants conducted business within the State of California.

## PARTIES

15. Plaintiff is a natural person who resides in the State of California.

16. Defendant Roach is located in the State of Ohio.

17. Defendant CACH is located in the State of Colorado.

18. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

19. Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempts to collect, directly or indirectly,

HYDE & SWIGART
Riverside, California

1    debts owed or due or asserted to be owed or due another and are therefore
2    debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

20.   Plaintiff is a natural person from whom a debt collector sought to collect a
      consumer debt which was due and owing or alleged to be due and owing from
      Plaintiff, and is a "debtor" as that term is defined by California Civil Code §
      1788.2(h).

21.   Defendants, in the ordinary course of business, regularly, on behalf of
      themselves, or others, engage in debt collection as that term is defined by
      California Civil Code § 1788.2(b), and are therefore debt collectors as that
      term is defined by California Civil Code § 1788.2(c).

22.   This case involves money, property or their equivalent, due or owing or
      alleged to be due or owing from a natural person by reason of a consumer
      credit transaction.   As such, this action arises out of a consumer debt and
      "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

23.   Sometime before October 4, 2011, Plaintiff is alleged to have incurred certain
      financial obligations to Citibank South Dakota, N.A.

24.   These financial obligations were primarily for personal, family or household
      purposes and are therefore a "debt" as that term is defined by 15 U.S.C.
      §1692a(5).

25.   These alleged obligations were money, property, or their equivalent, which is
      due or owing, or alleged to be due or owing, from a natural person to another
      person and are therefore a "debt" as that term is defined by California Civil
      Code §1788.2(d), and a "consumer debt" as that term is defined by California
      Civil Code §1788.2(f).

26.   Sometime thereafter, but before October 4, 2011, Plaintiff allegedly fell
      behind in the payments allegedly owed on the alleged debt.  Plaintiff currently
      takes no position as to the validity of this alleged debt.

HYDE & SWIGART
Riverside, California

27.   Subsequently, but before October 4, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

28.   On or about October 4, 2011, Roach, acting as legal counsel for CACH, mailed a dunning letter to Plaintiff.   A few days later, Plaintiff received that letter.

29.   This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

30.   This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

31.   On or about October 24, 2011, Plaintiff received a telephone call from Roach. This telephone call was a "communication" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

32.   Roach failed to disclose in this subsequent communication with the consumer that the communication from a debt collector.   Consequently, Roach violated 15 U.S.C. § 1692e(11).

33.   Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

34.   Between October 25, 2011 and December 12, 2011, Plaintiff received no less than 27 more calls from Roach attempting to collect the alleged debt on behalf of CACH.

35.   During each call placed to Plaintiff between October 25, 2011 and December 12, 2011, Roach failed to disclose that the communication from a debt collector.   Consequently, Roach violated 15 U.S.C. § 1692e(11).

HYDE & SWIGART
Riverside, California

36. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

37. Between November 2011 and March 2012, Plaintiff received no less than six collection calls from Roach on Plaintiff's cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1) which were initiated with automated pre-recorded messages from Roach.

38. Plaintiff is informed and believes, and thereon alleges, that the telephone number Roach called was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

39. Plaintiff is informed and believes, and thereon alleges, that these calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

40. Plaintiff is informed, believes, and thereupon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

41. These automated calls by Roach were in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

42. On or about March 10, 2012, Plaintiff received three voicemail messages from Roach. These calls were "communications" as 15 U.S.C. §1692a(2) defines that term, and a "debt collection" as that phrase is defined by Cal. Civ. Code § 1788.2(b).

43. The three voicemail messages from Roach failed to disclose that the communication was from a debt collector. Consequently, Roach violated 15 U.S.C. § 1692e(11).

HYDE & SWIGART
Riverside, California

44. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## CAUSES OF ACTION

### COUNT I

### AS TO ALL NAMED DEFENDANTS

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### AS TO ALL NAMED DEFENDANTS

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)

### CAL. CIV. CODE §§ 1788-1788.32

48. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

49. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

HYDE & SWIGART
Riverside, California

50.   As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

**COUNT III**

**AS TO ALL NAMED DEFENDANTS**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

51.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

52.   The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

53.   As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

**COUNT IV**

**AS TO ALL NAMED DEFENDANTS**

**KNOWING AND/OR WILLFUL OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

54.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

55.   The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

HYDE & SWIGART
Riverside, California

1  limited to each and every one of the above-cited provisions of 47 U.S.C. §
2  227 et seq.

3  56.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §
4  227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to
5  $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B)
6  and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

8  WHEREFORE, Plaintiff prays that judgment be entered against each Defendant,
9  jointly and severally, and Plaintiff be awarded damages from each Defendant, as
10  follows:

11  •  An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §
12     1692k(a)(2)(A);

13  •  An award of costs of litigation and reasonable attorney's fees, pursuant
14     to 15 U.S.C. § 1692k(a)(3);

15  •  An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code
16     § 1788.30(b);

17  •  An award of costs of litigation and reasonable attorney's fees, pursuant
18     to Cal. Civ. Code § 1788.30(c);

19  •  Statutory damages of $500.00 for each negligent violation of the TCPA
20     pursuant to 47 U.S.C. § 227(b)(3)(B); and

21  •  Statutory damages of $1,500.00 for each knowing and/or willful
22     violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47
23     U.S.C. § 227(b)(3)(C).

24  ///
25  ///
26  ///
27  ///
28  ///

HYDE & SWIGART
Riverside, California

57.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: May 21, 2012                    By: s/ Andrea Darrow Smith
                                      Andrea Darrow Smith
                                      Attorneys for Plaintiff

**Hyde & Swigart**
Riverside, California